IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 11-20320-STA |
| | ) | |
| DAVID RAY DANIELS | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF RESTITUTION**

Before the Court is the government's request for restitution made during the sentencing hearing which was conducted on August 14, 2012. The United States has filed a supplement regarding restitution (D.E. # 29) to its position set forth in the pre-sentence report in this matter. Defendant has not filed an opposition to the restitution. For the reasons set forth below, the request for restitution is **GRANTED**.

**BACKGROUND**

On May 15, 2012, the Defendant entered a plea of guilty to one count of coercion or enticement of female or male pursuant to 18 U.S.C. § 2422(B) and section 2; On August 14, 2012, the Court sentenced Defendant to 125 months in prison on the one count. The United States sought restitution from Defendant in amount of $1,280.00, to be paid to K.H.. The Court reserved ruling on the government's request for restitution and instructed the parties to submit additional briefing on that issue.

In its supplemental brief, the United States argues that restitution pursuant to the

1

Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, is appropriate in this case. According to the statute, the Court must order restitution where a defendant is convicted of a crime of violence such as the crime of coercion or enticement of female or male. The government argues that the victim in this case is K.H. and requests restitution in the amount of $1,280.00. Additionally, the Court should not consider any other sources of compensation for the victim when calculating the amount of restitution.[1] Therefore, the United States seeks restitution in the amount of $1,280.00 to K.H..

## ANALYSIS

The MVRA requires that "when sentencing a defendant convicted of [a specified] offense. . ., the court shall order, in addition to. . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate."[2] Among the offenses specified where restitution is mandatory are crimes of violence.[3] The MVRA defines a "victim" as

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.[4]

In this case Defendant was convicted of one count of coercion or enticement of female or male. Under the MVRA, the Court may not consider a defendant's ability to pay.[5] The Court finds that

Defendant's offenses are crimes of violence for purposes of the MVRA. Furthermore, the victim of Defendant's offenses was K.H..

The Sixth Circuit has held that the MVRA requires "that the restitution award be based on the amount of loss actually caused by the defendant's offense.

Defendant is ordered to make restitution in the amount of $1,280.00 in a single, lump-sum payment pursuant to 18 U.S.C. § 3664(f)(3)(A).

Finally, 18 U.S.C. § 3664(f)(1)(B)(2) states that after the Court has determined that restitution must be made,

> the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of–
>> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>> (B) projected earnings and other income of the defendant; and
>> (C) any financial obligations of the defendant; including obligations to dependents.

Additionally, the statute gives the Court the discretion to direct the probation officer to prepare a report which should include among other things "information relating the economic circumstances of [the] defendant."[6]

Therefore, the Court directs the probation officer to prepare a report containing the financial resources and other assets of Defendant, including whether any of his assets are jointly controlled; projected earnings and other income of Defendant; and any financial obligations of the defendant, including obligations to dependents. In aid of the probation officer's report, Defendant shall prepare and file with the probation officer an affidavit fully describing the

---

[6]

financial resources of Defendant, including a complete listing of all assets owned or controlled by Defendant as of the date on which Defendant was arrested, and the financial needs and earning ability of Defendant and Defendant's dependents.  Defendant shall provide this affidavit within fourteen (14) days of the entry of this Order.  The probation officer's report shall be due within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 11th, 2012