**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 11-20320-STA |
| | ) | |
| DAVID RAY DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

---

**REVISED ORDER OF RESTITUTION**

---

Before the Court is the government's request for restitution made during the sentencing hearing which was conducted on August 14, 2012. The United States has filed a supplement regarding restitution (D.E. # 29) to its position set forth in the pre-sentence report in this matter. Defendant has not filed an opposition to the restitution. For the reasons set forth below, the request for restitution is **GRANTED**.

On May 15, 2012, Defendant entered a plea of guilty to one count of coercion or enticement of a female or male pursuant to 18 U.S.C. § 2422(b) and section 2. On August 14, 2012, the Court sentenced Defendant to 125 months incarceration. The United States has sought restitution from Defendant, to be paid to K.H., a minor victim. The Court reserved ruling on the government's request for restitution, as additional information was needed from the victim's counselor.

On September 6, 2012, the Court received the Third Addendum to the Presentence Report. The victim's counselor, Teresa Fleece, Ph.D. LPC, provided the probation officer with information regarding the victim's counseling sessions. The victim attended thirty-two (32) sessions, at a cost

1

of $40.00 per session.  The Court finds that restitution in the amount of $1,280.00 is owed to K.H.  Therefore, Defendant is ordered to make restitution in the amount of $1,280.00, pursuant to 18 U.S.C. § 3664(1)(3)(A).  Restitution is payable at ten percent (10%) of Defendant's gross monthly income until paid in full.  No interest shall accrue on the amount of restitution ordered herein.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 21, 2013,
 *nunc pro tunc* September 11, 2012