**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **Case No. 2:11-cr-20320-STA**

**DAVID RAY DANIELS,**

**Defendant.**

---

**ORDER DENYING DEFENDANT'S MOTION**
**FOR EARLY TERMINATION OF SUPERVISED RELEASE**

---

Defendant David Ray Daniels has re-filed a request for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 45.) The Court previously denied a similar motion without prejudice. (ECF No. 44). The Government has responded in opposition to Defendant's request. (ECF No. 47.) For the reasons set forth below, the request is **DENIED**.

The Sixth Circuit Court of Appeals has explained "the legal standard that governs a motion for early termination of supervised release." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025).

> A district court may, after considering a subset of the sentencing factors set forth in § 3553(a), terminate a term of supervised release "at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that

> the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003)
> ....
>
> [W]e clarify today that § 3583(e)(1) does not require a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release, though such behavior remains a relevant consideration. *See Melvin*, 978 F.3d at 53 (holding that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1).

*Hale*, at 642 (some citations omitted).

The Government has correctly set out the procedural background of this matter. On May 15, 2012, Defendant pled guilty to using a means of interstate commerce for the coercion or enticement of a minor to engage in sexual acts, in violation of 18 U.S.C. §§ 2422(b) and 2. He was sentenced to 125 months in custody to be followed by 10 years of supervised release. The Court also required Defendant to comply with the requirements of the Sex Offender Registration and Notification Act ("SORNA") as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency. He was released on June 29, 2021, and his supervised release is scheduled to expire on June 28, 2031.

The underlying facts according to the Presentence Investigation report are as follows.[1] Defendant, an adult male, initiated a months-long text, phone, and in-person relationship with a 13-year-old girl under the guise of being a fictional 13-year-old girl "Emily" and "Emily's" fictional older brother "DJ" and eventually as himself. At the time that he began the communications, Defendant knew that the child victim had recently attempted suicide, and,

---

[1] *See United States v. Roman*, 2025 WL 1311275, at *4 (S.D. Ohio May 6, 2025) (stating that it had relied "on the PSR to determine the facts surrounding Mr. Roman's prior arrests, none of which are in dispute." (quoting *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003) ("We can find no reason to require a district court to make independent findings outside the PSR when the facts are undisputed.")).

during their communications, the child victim told Defendant about her struggles with depression and self-mutilation. The child victim had interactions with "DJ" of a sexual nature. This included Defendant's sending to the child victim "inappropriate pictures" including one of an erect penis and the child victim's sending photos of herself, including one of herself topless, to "DJ" at his request. Defendant exchanged hundreds of text messages and 87 telephone calls with the child victim, using his various personas. The child victim reported that on one occasion, while at Defendant's house, he provided her with champagne to drink. When she started crying while discussing her depression and self-harm, Defendant put his arm around her, took her to his bedroom, placed her on the edge of his bed, gave her more liquor, turned on a pornographic movie, and then unbuttoned her pants and fondled her vaginal area. Defendant admitted that he gave the child alcohol but denied that the sexual assault occurred. In the interest of the child victim, the Government did not put on proof of the sexual assault at sentencing and did not ask the Court to resolve the factual dispute.

The Government posits that the § 3553(a) factors, *i.e.*, the need to address the seriousness of the offense, promote respect for the law, deter criminal conduct, and protect the public from future crimes of the defendant, weigh against early termination of Defendant's supervised release. (Gov. Resp. p. 3, ECF No. 47.) However, the Supreme Court in *Esteras v. United States*, 606 U.S. 185, 191-93 (2025), held that "courts cannot consider § 3553(a)(2)(A) when revoking [or modifying] supervised release" – specifically "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The Court reasoned that "when a defendant violates the conditions of his supervised release, it makes sense that a court must consider the *forward-looking* ends of sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the *backward-*

*looking* purpose of retribution." *Id.* at 196 (emphases in original). Instead, a court considering a motion to modify supervised release must consider "the factors set forth in" the listed subsections in (a)(1), (2), and (4)-(7) of § 3553, which include "the nature and circumstances of the offense" and "the history and characteristics of the defendant," § 3553(a)(1); and the need "to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment," § 3553(a)(2)(B), (C), and (D).

Looking at the "nature and circumstances of the offense," there is no doubt that solicitation of a minor to engage in sexual acts is a serious offense and that this factor weighs against early termination. The offense is especially serious in this case in that Defendant knowingly took advantage of a child victim who was depressed, had engaged in self-mutilation, and had recently attempted suicide. As discussed by the Government, Defendant's actions showed a depraved indifference to the child victim in his pursuit of his sexual agenda. The seriousness of Defendant's offense is addressed in relation to the Court's concerns as to whether the public will be protected from the possibility that Defendant might commit similar crimes in the future if his supervised release is terminated early. *C.f.*, *United States v. Williams*, 2021 WL 1326896, at *2 (6th Cir. Mar. 12, 2021) (noting that whether a movant is a danger to the community overlaps with the protection-of-the-public factor in § 3553(a)(2)(C))). *See also Esteras*, 606 U.S. at 200. (opining that the nature of the defendant's original offense might inform the court's judgment as to whether the public should be protected from further crimes of the defendant); *United States v. Yazzie*, 2026 WL 1706956, at *6 (10th Cir. June 12, 2026) (finding nothing "improper" in the district court's statement that the defendant's sexual abuse of a minor was "a very serious offense" because the reference was made in the context of public

safety concerns); *United States v. Reyes*, 2026 WL 1004501, at *4 (10th Cir. Apr. 14, 2026) (holding a "district court does not commit error ... by observing that a defendant has committed serious crimes in the past, has been punished for those crimes, but was not deterred from committing another crime" because "[t]hat factors into the need to protect the public from further crimes of the defendant" and "[t]he mere uttering of the word 'seriousness' [does] not mean the district court considered retributive aims.")

The Government and Probation Office agree that Defendant is doing well on supervision. Defendant has participated in a sex offender cognitive behavioral program and the sex offender management program through the Probation Office, has been submitting to polygraph testing, has been following "a list of do's/don'ts" that he was given upon release, and keeps in contact with his Probation Officer. But, as stated by the Government, that is what is expected of offenders on probation - not a reason to terminate supervision. The fact that Defendant is doing well on supervision does not mean that he no longer needs supervision, but rather that supervision is working for Defendant. *See*, *e.g.*, *Roman*, 2025 WL 1311275 ("Courts have repeatedly found that even model conduct while in prison and on supervised release is not sufficient to warrant early termination under § 3583(e)(1)." (*quoting United States v. McDonald*, 2024 WL 5337829, at *2 (E.D. Mich. Dec. 20, 2024) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.")).

Moreover, Defendant has not provided any reason to grant early termination. In his first motion, Defendant requested early termination because he had medical restrictions and wanted to work from home. In his second motion, Defendant updated the Court that he had found full-time employment and is doing well at his new job. Defendant does not otherwise claim that early

termination of his supervised release would provide him any benefit. That is, he does not contend that early termination would provide him with "needed educational or vocational training, medical care, or other correctional treatment," § 3553(a)(2)(B), (C), and (D).

The Government has conferred with Defendant's Probation Officer, who relayed that Defendant has not done anything above and beyond compliance with the terms of his supervised release. The Probation Officer clarified that, although he is generally pleased with Defendant's conduct, he has not encouraged Defendant to request early termination of supervised release. In accordance with the U.S. Probation Guide to Judiciary Policy, which states that the general presumption in favor of early termination does not apply to sex offenders, the Probation Officer has taken no position on Defendant's motion and defers to the Court as to early termination.

Considering the egregious nature of his offense — the sexual solicitation and exploitation of an emotionally and mentally vulnerable child — as related to public safety concerns, the Court finds that the danger that Defendant poses if unsupervised outweighs any benefits of early termination of supervision. The need to protect the public from further crimes by Defendant outweighs his interest in terminating his supervised release early.

As for the portion of the motion seeking to release Defendant from the requirements of SORNA, the Court does not have the authority to release him from these statutory requirements. SORNA, 34 U.S.C. § 20901, *et seq*., requires registration of sex offenders based on their offense of conviction and provides what information must be registered and for how long offenders must register. The Tennessee Sex Offender Registry Act, Tenn. Code Ann. § 40-39-201, *et seq.*, provides its own state statutory basis and requirements for registration. *C.f.*, *United States v. Fuentes*, 856 F. App'x 533, 534 (5th Cir. 2021) ("First, although the district court imposed the SORNA sex offender registration requirement as a special condition of supervised release, the

condition was mandatory pursuant to 18 U.S.C. § 3583(d) because an offense under § 2243(b) is a 'sex offense' under SORNA."); *United States v. Studeny*, 2019 WL 859271, at *1 (W.D. Wash. Feb. 22, 2019) ("The Court does not address whether Defendant is still required to register as a sex offender under SORNA because it lacks statutory jurisdiction to grant the relief Defendant seeks.")

Accordingly, Defendant's motion for early termination of his supervised release is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 3, 2026.